# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LATRELL GIVENS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN AT USP ATWATER,<br><br>Respondent. | Case No. 1:24-cv-00317-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Gregory Latrell Givens is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends dismissal of the petition.

## I.

## BACKGROUND

Petitioner was convicted in the United States District Court for the Northern District of Iowa of possession of ammunition by a felon (count 1) and possession with intent to distribute (count 2). On July 29, 2013, Petitioner was sentenced an imprisonment term of 120 months on count 1 and 262 months on count 2, to run concurrently. (ECF No. 1 at 2, 10–11.[1]) Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (Id. at 1.)

On March 15, 2024, Petitioner filed the instant petition for writ of habeas corpus, asserting that his confinement is unlawful because the United States Marshal did not sign and file

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

the return portion of Petitioner's criminal judgment upon his commitment as required by 18 U.S.C. § 3621(c). (ECF No. 1 at 6–8.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The Court assumes, without deciding, that the petition challenges the execution of Petitioner's sentence rather than its legality, and thus, is properly brought pursuant to § 2241.

Petitioner asserts that his confinement is unlawful because the United States Marshal did not sign and file the return portion of Petitioner's criminal judgment upon his commitment as required by 18 U.S.C. § 3621(c), which provides:

> When a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of the order shall be delivered to such person as evidence of this authority to hold the prisoner, and the original order, with the return endorsed thereon, shall be returned to the court that issued it.

18 U.S.C. § 3621(c). Petitioner "has not cited, nor have we located, any authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released." Hall v. Loretto, 556 F. App'x 72, 73 (3d Cir. 2014). In an

---

[2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

unpublished decision, the Eleventh Circuit rejected an identical challenge "for several reasons":

> First and foremost, the district court's Judgment and sentence provide the authority for holding [Petitioner] in custody, rather than a Return from his prison warden. See Aderhold v. McCarthy, 65 F.2d 452, 452 (5th Cir. 1933) ("While a commitment ought regularly to go with [a prisoner], its absence does not render the imprisonment unlawful, for the sentence is the real authority for holding him."); Hode v. Sanford, 101 F.2d 290, 291 (5th Cir. 1939) (noting that a commitment depends on the validity of the judgment behind it); see 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the [BOP] until the expiration of the term imposed."); 18 U.S.C. § 3624(a) ("A prisoner shall be released by the [BOP] on the date of the expiration of the prisoner's term of imprisonment."). [Petitioner] does not contend that the Judgment does not accurately reflect his total sentence of 327 months. [Petitioner] also has provided no explanation for how the alleged failure to execute the Return has affected his sentence or his rights.
>
> Second, the district court's Judgment contained the jury's verdict, the court's adjudication of guilt, [Petitioner]'s sentence, and the judge's signature. Thus, the Judgment complied with the requirements under Rule 32(k) to be a valid judgment. See Fed. R. Crim. P. 32(k).
>
> Third, the statute and BOP regulations about endorsement of Returns that [Petitioner] relies on do not entitle him to be released from custody even if they are not followed. See 18 U.S.C. § 3621(c); P5800.18 § 202.

Annamalai v. Warden, 760 F. App'x 843, 848–49 (11th Cir. 2019) (footnote omitted).

Similarly, here, the United States District Court for the Northern District of Iowa's judgment and sentence provide the authority for holding Petitioner in custody rather than an endorsed return. Petitioner does not contest the accuracy of the judgment, and Petitioner has provided no explanation as to how the alleged failure to execute the return has affected his sentence or his rights. Additionally, the judgment at issue contained Petitioner's plea, the jury's verdict, the court's adjudication, and the sentence, and it was signed by the judge. Thus, the judgment complied with the requirements under Federal Rule of Criminal Procedure 32(k). Petitioner has not provided, and the Court has not found, any authority holding that failure to endorse and file the return section of a defendant's judgment and comply with 18 U.S.C. § 3621(c) renders the defendant's confinement unlawful and requires release from custody. In fact, circuit courts have found that "the statute . . . about endorsement of Returns . . . do[es] not

entitle [Petitioner] to be released from custody even if [it] is not followed." Annamalai, 760 F. App'x at 849 (citing 18 U.S.C. § 3621(c)); Hall, 556 F. App'x at 73–74. Accordingly, the Court finds that Petitioner is not entitled to federal habeas relief on this ground, and the petition should be dismissed.

### III.

### RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 17, 2024**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

4