**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY LATRELL GIVENS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN AT USP ATWATER,<br><br>　　　　Respondent. | Case No.: 1:24-cv-0317 JLT EPG (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 6) |

　　　Gregory Latrell Givens is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his confinement is unlawful because the United States Marshal did not sign and file the return portion of Petitioner's criminal judgment upon his commitment as required by 18 U.S.C. § 3621(c). (*See* Doc. 1.)

　　　The magistrate judge reviewed the petition and found that "Petitioner does not contest the accuracy of the judgment," and does not show "the alleged failure to execute the return has affected his sentence or his rights." (Doc. 6 at 3.) In addition, the magistrate judge observed: Petitioner has not provided, and the Court has not found, any authority holding that failure to endorse and file the return section of a defendant's judgment and comply with 18 U.S.C. § 3621(c) renders the defendant's confinement unlawful and requires release from custody." (*Id.*) On the other hand, the magistrate judge noted that "circuit courts have found that the statute about endorsement of Returns does not entitle Petitioner to be released from custody even if it is not followed." (*Id.* at 3-4, citing *Annamalai v.*

*Warden,* 760 F. App'x 843, 849 (11th Cir. 2019); *Hall v. Loretto,* 556 F. App'x 72, 73-74 (3d Cir. 2014) [modifications adopted].)  Therefore, the magistrate judge found Petitioner fails "to state a cognizable federal habeas claim" and recommended the Court dismiss the petition.  (*Id.* at 4.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days.  (Doc. 6 at 4.) The Court advised Petition that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Petitioner did not file objections, and the time to do so has passed.

Although Petitioner did not file objections, Petitioner subsequently filed requests for judicial notice related to the lack of signature.  (Doc. 7, 8.)  These documents do not address the finding of the magistrate judge that the lack of signature from a U.S. Marshal does not render Petitioner's confinement unlawful.  (*See id.*)  In addition, Petitioner's subsequent filings to do not state a cognizable claim for habeas relief and do not establish he is entitled to proceed on the petition.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Therefore, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 17, 2024 (Doc. 6) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **June 5, 2024**

_____
UNITED STATES DISTRICT JUDGE